IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| TAMMY GATES, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:16CV00333-JJV |
| NANCY A. BERRYHILL, Acting | * | |
| Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Tammy Gates, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for disability insurance benefits. After the Appeals Council remanded his earlier decision, the Administrative Law Judge (ALJ) concluded Plaintiff could perform her past relevant work so she had not been under a disability within the meaning of the Social Security Act. (Tr. 12-19.) The Appeals Council denied Plaintiff's request for another review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts

---

[1]Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is fifty-one years old. (Tr. 67.) She testified she went as far as the tenth grade in school and later earned a general equivalency diploma. (*Id.*)

Plaintiff alleges she is disabled due to a combination of impairments. The ALJ[2] found Ms. Gates had not engaged in substantial gainful activity since September 23, 2013 – the alleged onset date. (Tr. 14.) She has "severe" impairments in the form of degenerative disc disease of the cervical spine status post-fusion, urinary incontinence, hypertension, and vaginal mesh erosion with removal of mesh. (*Id.*) The ALJ further found Ms. Gates did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 15.)

The ALJ determined Ms. Gates had the residual functional capacity to perform a slightly reduced range of sedentary work. (*Id.*) Utilizing the services of a vocational expert, he explored whether Plaintiff could perform her past relevant work as a secretary. (Tr. 55-60, 80-84.) Based largely on the testimony of the vocation expert, the ALJ concluded Plaintiff had the residual

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

functional capacity to perform her past work as a secretary. (Tr. 19.) Accordingly, the ALJ determined Ms. Gates was not disabled. (*Id*.)

In support of her Complaint, Plaintiff argues the ALJ erred by not giving more weight to the opinion of her treating doctor, Charles Davidson, M.D. (Doc. No. 11 at 14-19.) Plaintiff is correct that her treating doctors should generally be given great deference. But after a close review of the record, I find the ALJ could properly discount Dr. Davidson's opinion.

The ALJ stated, "The record does not fully support the severe limitations noted in [Dr. Davidson's][4] medical source statements." (Tr. 18.) In coming to this conclusion, the ALJ noted that Dr. Davidson only provided Plaintiff conservative treatment, his treatment notes fail to show limitation to the degree so stated in his medical source statement, and his opinion is inconsistent with Plaintiff's activities of daily living. (*Id*.)

An ALJ must generally give great weight to a treating physician. But as the United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount her doctor's conclusions. Dr. Davidson's

---

[4]The ALJ erroneously refers to Dr. Davidson as Dr. Campbell. John A. Campbell, M.D., is Plaintiff's neurosurgeon.

treatment notes do indicate decreased range of motion in Plaintiff's neck and shoulders. But they routinely only recommend "Good body mechanics" and "no heavy lifting." (Tr. 473, 475, 529, 535.) So rather than rely on Dr. Davidson, the ALJ correctly gave greater weight to the opinion of Roger Troxel, M.D, when assessing Plaintiff's residual functional capacity. (Tr. 18, 513-517.) I have carefully reviewed Dr. Troxel's report, as did the ALJ, and I find no reversible error in relying on his opinion over Plaintiff's treating doctor in this instance.

I have carefully considered Plaintiff's other arguments and find them to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts the findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I note that Plaintiff has a strong work history and undoubtedly she suffers from some degree of pain and limitation. I am sympathetic to her claims. However, I am unable to find reversible error here. The overall record supports the ALJ's assessment that Plaintiff could perform a reduced range of sedentary work.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 18th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE